IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REX L. HYMEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-15-197-F |
| v. | ) | |
| | ) | |
| KAMERON HARVANEK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Assault with a Dangerous Weapon after former conviction of two or more felonies entered in the District Court of Oklahoma County, Case No. CF-2011-3013. Respondent has moved to dismiss the Petition on statute of limitations grounds, and Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as it is time-barred. In the alternative, it is recommended that the Petition be denied.

I. <u>Statute of Limitations Governing § 2254 Habeas Petitions by State Prisoners</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner

seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

II. Timeliness of the Petition

Petitioner was convicted following a jury trial of one count of Assault with a Dangerous Weapon after former conviction of two or more felonies. On April 30, 2012, he was sentenced to a twenty-five year term of imprisonment, consistent with the jury's sentencing recommendation. Brief in Support of Motion to Dismiss Petition as Time Barred ("Brief in Support") (Doc. # 11), Ex. 1 (Judgment and Sentence, State of Oklahoma v. Rex Lyle Hymel, Case No. CF-2011-3013).

Petitioner appealed the conviction and raised two grounds for relief. He alleged (1) the evidence presented at his trial was insufficient to support the conviction and (2) the trial court erred by failing to *sua sponte* instruct the jury on the lesser related offense of simple assault. Id., Ex. 2 (Brief of Appellant). In a summary opinion issued May 23, 2013, the Oklahoma Court of Criminal Appeals ("OCCA") rejected both of Petitioner's claims and affirmed the conviction and sentence. Id., Ex. 3.

Under the AEDPA, a petition seeking habeas relief under 28 U.S.C. § 2254 generally must be filed within one year after a state court judgment becomes final either by the conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). After the OCCA issued its opinion in Petitioner's direct appeal, he had 90 days within which to petition the United States Supreme Court for a writ of certiorari.

2

Petitioner did not seek certiorari, and his state court judgment therefore became final on August 21, 2013. See Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012)(state court judgment becomes final when petitioner exhausts all direct appeals in state court and time to petition for writ of certiorari from Supreme Court has expired, which is 90 days after decision by State's highest court).

The limitations period thus began on August 22, 2013, and expired one year later on August 22, 2014. Consequently, absent statutory and/or equitable tolling that extends the limitations period to the Petition's filing date, the Petition is time-barred.

The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Petitioner filed an application for post-conviction relief in the state district court on October 11, 2013. Brief in Support, Ex. 4. The district court entered an order granting state's motion to strike the application for post-conviction relief on December 12, 2013. Id., Ex. 6. In that Order, the district court dismissed the application based upon the finding that Petitioner had failed to comply with the district court's procedural rule setting forth page limitations for pleadings and requiring prior permission for exceeding those page limitations.

Petitioner attempted to appeal this decision. Id., Ex. 7. However, the OCCA entered an order on May 7, 2014, in which the appellate court declined to exercise jurisdiction and dismissed the attempted appeal on the ground that the district court's order was not a final, appealable judgment. Id., Ex. 11.

Because Section 2244(d)(2) requires a court to toll only the time for the period when the petitioner's "properly filed" post-conviction application is being pursued in the state courts, the one-year limitations period in this case was not tolled for any time with respect to his first state court post-conviction application. See Artuz v. Bennett, 531 U.S. 4, 8 (2000)(application is "properly filed" when it complies with applicable law and procedural rules prescribing, for example, the form of the document). That post-conviction application was not "properly filed" within the meaning of the statute because Petitioner failed to comply with the district court's pleading rules.

In his response to the Motion to Dismiss, Petitioner asserts that the limitations period should be extended for the time during which his first post-conviction application was pending until the court dismissed the application. Such a conclusion would eviscerate 28 U.S.C. § 2244(d)(2)'s requirement that only "properly filed" post-conviction applications may toll the running of the statute of limitations. No statutory tolling of the limitations period should be applied with respect to Petitioner's first improperly-filed post-conviction proceeding. See Fitzpatrick v. Monday, 549 Fed. App'x. 734 (10th Cir. 2013)(unpublished op.)(finding habeas petitioner's state court post-conviction application that was dismissed for failure to comply with district court's procedural rule governing page limitation was not "properly filed" application under 28 U.S.C. § 2244(d)(2) and did not statutorily toll limitations period).

Petitioner filed a second post-conviction application in the district court on July 17, 2014. Brief in Support, Ex. 17. On September 25, 2014, the district court denied post-

conviction relief. Id., Ex. 21. Petitioner appealed this decision, and on January 8, 2015, the OCCA entered an order affirming the district court's decision denying post-conviction relief. Id., Ex. 24.[1]

Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled during the pendency of Petitioner's second post-conviction application between July 17, 2014 and January 8, 2015. At the time he filed the second post-conviction application in the district court on July 17, 2014, 329 days of the limitations period had expired. When the limitations period began to run again on January 9, 2015, Petitioner had 36 days to file his federal habeas petition. Petitioner was therefore required to file his petition on or before February 14, 2015.

The Petition was filed on February 26, 2015, twelve days beyond the expiration of the limitations period. Petitioner asserts that the limitations period should be equitably tolled for a variety of reasons. The limitations period may be equitably tolled only in extraordinary circumstances and only if the petitioner has diligently pursued his federal claims. Holland v. Florida, 560 U.S. 631, 645 (2010). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(one-year limitations period may be equitably tolled in limited circumstances such as incompetence or actual innocence). The Tenth Circuit Court of Appeals has held that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - presents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective

---

[1] Petitioner filed a petition for writ of habeas corpus in this Court on March 18, 2014. Brief in Support, Ex. 9. This Court dismissed the petition without prejudice for failure to exhaust available state judicial remedies. Id., Ex. 12. This petition does not toll the running of the limitations period. Duncan v. Walker, 533 U.S. 167 (2001).

5

pleading during the statutory period." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003)(quotation omitted).

Petitioner first contends that delays in the filing of responses to his state court post-conviction applications and the OCCA's delay in rendering its decision warrant equitable tolling of the limitations period. The district court's order striking Petitioner's first post-conviction application was entered only two months after Petitioner filed the post-conviction application. Petitioner filed two briefs in his attempted appeal of this decision on January 3, 2014. Brief in Support, Ex. 7, 8. The OCCA issued its decision four months later on May 7, 2014.

In the second post-conviction proceeding, the district court's order denying the post-conviction application was entered approximately two months after the application was filed. Petitioner filed his petition in error in the OCCA following this decision on October 20, 2014. Brief in Support, Ex. 23. The OCCA issued its decision less than three months later on January 8, 2015. Id., Ex. 24. Neither of these dispositions indicates that a responsive pleading or a court decision was egregiously late. Moreover, the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for the entire time that Petitioner's second post-conviction proceeding was pending in the state courts. Petitioner has not shown extraordinary circumstances warranting the application of equitable tolling.

Petitioner next contends that the state court's refusal to allow him to amend his first post-conviction application, instead of dismissing the application, should equitably toll the limitations period. In the OCCA's order declining to exercise jurisdiction in Petitioner's

attempted post-conviction appeal, the OCCA made specific findings as to the district court proceedings. The OCCA found:

> Petitioner attempted to commence those post-conviction proceedings by filing in the District Court, on October 11, 2013, a partially handwritten Application for Post-Conviction Relief that was thirty-two (32) pages in length. (O.R. 1-32.) On October 29, 2013, the State filed a motion asking that this Application be stricken because it violated Rule 37 of the *Rules of the Seventh judicial District Courts* in that it exceeded the page limitation established by that rule.
> In its motion, the State asserted that Rule 37(B) limited pleadings such as Petitioner's to twenty (20) pages in length absent prior leave of court to exceed that page limit. (O.R. 41.). Petitioner responded to the State's motion by filing on November 6, 2013, a motion that asked leave to amend the page limitation. (O.R. 58-59.) On that same date, Petitioner also filed a "Petitioner's Motion for Permission to Correct Deficiencies and to Amend the Post-Conviction" wherein he asked that the District Court deny the State's Motion to Strike and that it allow him to amend his Application by granting him leave to exceed the twenty (20) page limit. (O.R. 60-63.) In turn, in a response filed November 8, 2013, the State answered Petitioner's request to exceed the page limitation by asserting that Petitioner had not shown just cause or necessity to exceed Rule 37's page limit. (O.R. 64-65.)
> On December 11, 2013, Judge Elliott rules on the foregoing filings by signing separate orders: one titled "Order Granting State's Motion to Strike Application for Post-Conviction Relief" (O.R. 69-70) and the second titled "Order Denying Petitioner's Motion for Permission to Exceed the Page Limitation Nunc Pro Tunc" (O.R. 71-73). In the first of those orders, Judge Elliott directed that Petitioner's Application be stricken, and in his second, he denied Petitioner's request to exceed the twenty (20) page limit for failure of Petitioner to demonstrate just cause for such leave to be granted. These orders were both filed with the District Court Clerk on December 12, 2013.

Brief in Support, Ex. 11, at 1-2. The OCCA next addressed Petitioner's attempt to appeal the district court's rulings. The court noted that the orders Petitioner was attempting to

appeal

> simply strike his submitted Application on procedural grounds and deny him leave to file an application exceeding twenty (20) pages because the trial court found he had not demonstrated good cause to exceed that limitation. The orders do not state such action is with prejudice to Petitioner filing a new application that is compliant with local court rules. The orders also do not state that Petitioner is barred from making a new request to exceed the page limitation if he possesses grounds not previously presented that individually or together with the grounds previously presented would demonstrate good cause. Accordingly, absent rendition of a final judgment on post-conviction, Judge Elliott's orders are not appealable by themselves, as they do not constitute a final judgment under Section 1087.

Id. at 3. Based on these findings, the OCCA concluded it lacked jurisdiction to consider Petitioner's attempted appeal of the district court's nonfinal orders.

As the OCCA pointed out in its order, Petitioner could have filed a new post-conviction application in the district court that complied with the court's procedural rules or sought approval for filing a new pleading that did not comply with the court's procedural rules. Instead, Petitioner sought to appeal the district court's nonfinal orders.

With these assertions, Petitioner has not shown extraordinary circumstances warranting the application of equitable tolling. See Watts v. Jones, 335 Fed. App'x. 718, 720 (10th Cir. 2009)(unpublished op.)(holding petitioner's failure to comply with state court procedural rules concerning the filing of a post-conviction application in the state district court "removes him from that rare category of cases warranting equitable tolling. . . .").

Petitioner next contends that he is "presenting a Brady violation in support only of his Actual & Factual Innocence claim. . . ." Petitioner's Response, at 2. When a habeas petitioner

seeks equitable tolling on actual innocence grounds, the petitioner must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995)(quotations omitted). See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(holding extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent"). "To establish the requisite probability [of actual innocence], the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence [of actual innocence] . . . that was either excluded or unavailable at trial." Id. at 327-328.

Petitioner has not presented any new evidence of his actual innocence, and Petitioner has not shown that equitable tolling of the expired limitations period is warranted. Hence, the Petition is time-barred.

III. Insufficient Evidence

Even if review of Petitioner's Petition is not barred by the expiration of the limitations period, Petitioner has not shown that he is entitled to habeas relief.

Under the AEDPA, a federal court cannot grant habeas relief with respect to a claim of a constitutional deprivation raised by a state prisoner that was adjudicated on its merits in state court proceedings unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The

AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003).

In his Petition, Petitioner has asserted three grounds for habeas relief. In ground one, Petitioner asserts, as he did in his direct appeal, that there was insufficient evidence to sustain his conviction. Petitioner has not, however, addressed the AEDPA standard for reviewing his Petition. He merely asserts in conclusory language that the OCCA was "incorrect" and that the "element of intent was lacking."

The OCCA addressed the merits of Petitioner's claim of insufficient evidence in his direct appeal. The court applied the relevant standard set forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979), as adopted in its previous decision, Spueler v. State, 709 P.2d 202 (Okla. Crim. App. 1985), for reviewing claims of insufficient evidence to support a conviction. The OCCA found that "a reasonable trier of fact could have found from the

evidence presented at trial, that each of the elements of the crime Assault With a Dangerous Weapon were proven beyond a reasonable doubt." Brief in Support, Ex. 3, at 1-2. Petitioner has not demonstrated that the OCCA's decision was in conflict with or unreasonably applied Jackson's controlling standard.

In ground two of the Petition, Petitioner asserts that he was denied effective assistance of trial counsel. In ground three of the Petition, Petitioner asserts that he was denied effective assistance of appellate counsel due to his appellate counsel's failure to assert a claim of ineffective assistance of trial counsel. But Petitioner provides no basis for his conclusory claims, and he has failed to address AEDPA's restrictive standard for reviewing his claims.

The OCCA addressed Petitioner's claims of ineffective assistance of trial and appellate counsel in his post-conviction appeal. Applying the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), for ineffective assistance claims, the OCCA found that Petitioner's claims of ineffective assistance of trial and appellate counsel were conclusory, that Petitioner defaulted his claim of ineffective assistance of trial counsel by failing to assert that claim in his direct appeal, and that he did not show either deficient performance or prejudice stemming from his appellate counsel's failure to assert a claim of ineffective assistance of trial counsel. Brief in Support, Ex. 24.

Petitioner has not demonstrated that the OCCA's decision was contrary to or unreasonably applied Strickland's controlling standard with respect to his claim of ineffective assistance of appellate counsel. Additionally, Petitioner has not shown cause for his

11

procedural default of his claim of ineffective assistance of trial counsel. Accordingly, Petitioner is not entitled to habeas relief.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 10) be GRANTED and that the Petition be dismissed as it is time-barred. Alternatively, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  June 3rd , 2015, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   14th   day of   May  , 2015.

*GARY M. PURCELL*
UNITED STATES MAGISTRATE JUDGE