# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| REX L. HYMEL, | ) |
| --- | --- |
| Petitioner, | ) |
| -vs- | ) Case No. CIV-15-0197-F |
| KAMERON HARVANEK, Warden, | ) |
| Respondent. | ) |

## ORDER

This action seeks habeas relief under 28 U.S.C. § 2254. Petitioner appears *pro se*, and his pleadings are liberally construed.

Magistrate Judge Gary M. Purcell entered his Report and Recommendation in this matter on May 14, 2015, recommending that the petition be dismissed as time-barred, or in the alternative that the petition be denied. Doc. no. 16. Petitioner has filed an objection to the magistrate judge's recommended findings and conclusions, doc. no. 19, as well as first amended objections. Doc. no. 21. The court reviews the objected to matters *de novo*.

After careful review, the court concurs with the magistrate judge's determinations and concludes it would not be useful to cite any additional arguments or authorities here.[1] The Report and Recommendation of Magistrate Judge Purcell

---

[1] In some instances, petitioner offers expanded arguments in his objections, which he did not make to the magistrate judge. Issues which were not presented to the magistrate judge are not considered at this stage. *See*, <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised
(continued...)

is **ACCEPTED, ADOPTED** and **AFFIRMED** in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is **DISMISSED** as time-barred. The court also notes petitioner's statement, in his objections, that he requests an evidentiary hearing. That request is **DENIED**.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

---

[1](...continued)
for the first time in objections to the magistrate judge's recommendation are deemed waived."); Tracy v. Addison, 16 Fed. Appx. 928, 2001 WL 901142 (10th Cir. 2001) (unpublished habeas case, cited per Tenth Circuit Rule 36.3, in which issue raised for the first time in objections to magistrate judge's report deemed waived, citing Marshall, *supra*.).

Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

Dated this 9th day of July, 2015.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

15-0197p003.wpd